**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JESUS REYNOSO, LUIS GRAJEDA,** | ) | |
| **FERNANDO MONTER, JUAN RAMIREZ,** | ) | |
| **APOLINAR BIELMA-RODRIGUEZ,** | ) | |
| **ENRIQUE RAMIREZ, and VICTOR** | ) | **Case No. 10 C 7445** |
| **RAMIREZ, on behalf of themselves and all** | ) | |
| **other Plaintiffs similarly situated, known** | ) | |
| **and unknown,** | ) | |
|               **Plaintiffs,** | ) | **Honorable John W. Darrah,** |
| | ) | **Judge Presiding** |
|       **v.** | ) | |
| | ) | |
| | ) | |
| **DUBLIN 4, INC., d/b/a D 4 IRISH PUB,** | ) | Magistrate Judge |
| **an Illinois corporation, and DEBORAH** | ) | Geraldine Soat Brown |
| **ZALESIAK, an individual,** | ) | |
| | ) | |
|               **Defendants.** | ) | |
| | ) | |

<u>**AGREED MOTION FOR PRELIMINARY APPROVAL
OF THE STIPULATION OF SETTLEMENT**</u>

NOW COME the Plaintiffs, Jesus Reynoso, Luis Grajeda, Fernando Monter, Juan Ramirez, Apolinar Bielma-Rodriguez, Enrique Ramirez, and Victor Ramirez (collectively, "Named Plaintiffs"), on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, and Defendants, Dublin 4, Inc., d/b/a D 4 Irish Pub ("D4"), and Deborah Zalesiak ("Zalesiak"), by and through their respective counsel, and move this Court for an order preliminarily approving the Stipulation of Settlement (the "Settlement") which resolves all claims in this action on a class-wide basis. In further support of this Agreed Motion, the parties state as follows:

**I.      Procedural Background**

On November 18, 2010, Jesus Reynoso and Luis Grajeda, on behalf of themselves and all

others similarly situated, filed a Complaint captioned *Jesus Reynoso and Luis Grajeda v. Dublin 4, Inc. and Deborah Zalesiak*, Case No. 10 C 7445, in this Court. Count I of the Litigation asserts class-wide violations of the Fair Labor Standards Act, based on Defendants' alleged failure to pay overtime to Plaintiffs. Count II of the Litigation asserts class wide-violations of the Illinois Minimum Wage Law based on the same conduct. Plaintiffs later filed an Amended Complaint and a Second Amended Complaint when additional named Plaintiffs, including Fernando Monter, Juan Ramirez, Apolinar Bielma-Rodriguez, Enrique Ramirez, and Victor Ramirez, joined the action.

On January 11, 2011, Plaintiffs filed a Motion for Conditional Certification of Class Pursuant to 29 U.S.C. 216(b).[1] Thereafter, on February 9, 2011, Judge John W. Darrah entered and continued Plaintiffs' motion and referred this matter to Magistrate Judge Geraldine Soat Brown for purposes of holding a settlement conference. On April 12, 2011, the parties convened for a settlement conference before Magistrate Judge Geraldine Soat Brown and worked towards a resolution. The settlement conference was continued to April 21, 2011 and Plaintiffs' counsel, Defendants' counsel, and Defendants made further progress towards a resolution.

Finally, on May 4, 2011, Plaintiffs' counsel and Defendants' counsel reached an agreement before Magistrate Judge Geraldine Soat Brown. This Agreement is the culmination of arms-length negotiations between Named Plaintiffs, on behalf of themselves and all Class Members, and Defendants. The terms of the parties' agreement are set forth in the Stipulation of Settlement, a copy of which has been furnished to the Court. Notably, as part of the Agreement, Plaintiffs and Defendants have stipulated to the certification of a class action pursuant to Federal Rule of Civil Procedure 23(b)(3).

---

[1] Plaintiffs hereby withdraw their Motion for Conditional Certification Pursuant to 29 U.S.C. § 216(b). The parties have stipulated to class certification pursuant to Federal Rule 23(b)(3) pending this Court's approval.

2

**II.    Stipulation of Class Certification Pursuant to Federal Rule 23(b)(3)**

The parties seek to certify a class of all current and former employees of Defendants who were employed as kitchen workers from November 18, 2007 through February 16, 2011, and worked in excess of forty (40) hours in a single work week, but were not paid overtime at the rate of one and one-half times their regular hourly rate. This action satisfies the four threshold requirements of Rule 23(a): (1) numerosity (the class must be so large 'that joinder of all members is impracticable'); (2) commonality (there must exist 'questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses are 'typical…of the class'); and (4) adequacy of representation (the representative must be able to 'fairly and adequately protect the interests of the class'). Additionally, this action fits squarely within the purview of one of the subdivisions of Rule 23(b), namely, Rule 23(b)(3).

**A.    This Proposed Class Action Satisfies the Requirements of Rule 23(a)**

**1.    Rule 23(a)(1) - Numerosity**

Named Plaintiffs and Defendants agree that the proposed class is sufficiently numerous. Besides the seven (7) Named Plaintiffs, the parties have identified no less than twenty-six (26) additional Class Members. This Court has routinely certified classes with forty (40) or less members, and even classes with as few as thirteen (13) employees. See Swanson v. American Consumer Indus., 415 F.2d 1326, 1333 n.9 (7th Cir. 1969) (noting that 40 class members would be sufficient); See also Barner v. City of Harvey, No. 95 C 3316, 1997 WL 139469, *3, *5 (N.D. Ill. March 25, 1997 (13 class members); See also Allen v. Isaac, 99 F.R.D. 45, as amended, 100 F.R.D. 373 (N.D. Ill. 1983) (17 class members); See also Riordan v. Smith Barney, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (29 class members). As such, the class in this case satisfies the numerosity prong of Rule 23(a)(1).

3

2.      Rule 23(a)(2) – Commonality

Named Plaintiffs and Defendants also submit that "there are questions of law or fact common to the class" as required by Rule 23. Indeed, the claims of Named Plaintiffs and Class Members are virtually identical. The common question facing Plaintiffs and the putative class is whether Named Plaintiffs and Class Members worked more than forty (40) hours in a work week, and were not paid overtime wages as required by the IMWL. See Miner v. Gillette Co., 87 Ill.2d 7, 19 (1981) (a common question may be shown where claims of individual members are based on the common application of a statute, or where class members are aggrieved by the same conduct). Consequently, the determinative issue in this case will be Defendants' failure to pay overtime wages to its kitchen workers. Such commonality amongst Named Plaintiffs and Class Member satisfies Rule 23(a)(2).

3.      Rule 23(a)(3) – Typicality

This action satisfies Rule 23(a)(3) which requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class" A plaintiff's claim is typical if it arises from the same practice or course of conduct that gives rise to the claims of other class members and the plaintiff's and class members' claims are based on the same legal theory. Hudson v. City of Chicago, 242 F.R.D. 496, 501 (N.D. Ill. 2007). In this case, the claims of Named Plaintiffs and Class Members arise out of the same alleged conduct – namely, Defendants' failure to pay overtime wages to a particular segment of their workforce. See Ladegaard v. Hard Rock Concrete Cutters, Inc., No. 00 C 5755, 2000 WL 1774091, *16 (N.D. Ill. Dec. 1, 2000). Named Plaintiffs and Class Members possess claims which are typical for purposes of Rule 23(a)(3). Id.

4

4.    Rule 23(a)(4) – Adequacy of Representation

Class counsel is adequate because they are experienced and competent wage-and-hour attorneys who will fairly represent the interests of the class. Counsel has vigorously and successfully litigated numerous wage-and-hour actions, including class actions brought pursuant to Rule 23. See Martens v. Smith Barney, 181 F.R.D. 243, 259 (S.D.N.Y. 1998) (finding adequacy supported by fact that lead class counsel "documented her experience in employment discrimination litigation, including class action lawsuits"). Furthermore, no conflict of interest exists between the Named Plaintiffs and Class Members as both parties have essentially the same claims against Defendants. Class counsel is well-equipped to fairly and adequately represent the interests of all claimants against Defendants.

**B.    The Class Satisfies the Requirements of Rule 23(b)**

In addition to meeting the requirements of Rule 23(a), Named Plaintiffs and Defendants also contend that this action satisfies the requirements of one of the subdivisions of Rule 23(b). Rule 23(b)(3) provides that a class can be maintained if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and…a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

1.    Predominance of Common Question

Plaintiffs and Defendants agree for purposes of the settlement that this action meets the standard for Rule 23(b)(3) certification. Rule 23(b)(3) "merely requires that the class claims have a dominant, central focus. Satisfaction of this criterion normally turns on the answer to one basic question: is there an essential common factual link between all class members and the defendant for which the law provides a remedy." Johns v. DeLeonardis, 145 F.R.D. 480, 484-85

(N.D. Ill. 1992). For reasons set forth above with respect to commonality under Rule 23(a)(2) and typicality under Rule 23(a)(3), Named Plaintiffs and Defendants concur that predominating common questions of fact and law exist and that all claims within the class arose from the same alleged course of conduct by Defendants.

> 2.     Superiority of Class Action Method

Named Plaintiffs and Defendant submit that a class action is superior to other methods of adjudicating this case. Judicial economy and efficiency, as well as consistency of judgments, would be achieved through the certification of the class. Scholes v. Stone, McGuire, & Benjamin, 143 F.R.D. 181, 189 (N.D. Ill. 2001). The alternative is dozens of individualized suits in the state courts and piecemeal litigation. Id. Significantly, neither Named Plaintiffs nor Defendants are aware of any persons within the class who have a strong interest in prosecuting their own action against Defendants. No litigation by or against the Class Members is currently pending and the management of this class action will not raise insuperable difficulties for any of the parties going forward. See Gaspar v. Linvatec Corp., 167 F.R.D. 51, 60-61 (N.D. Ill. 1996).

For all of the foregoing reasons, Named Plaintiffs and Defendants jointly request that this Court affirm the parties' stipulation to class certification by issuing an order of class certification and authorizing notice to each Class Member.

**III.     Other Material Settlement Terms**

> A.     Defendants will pay a total settlement amount ("Settlement Amount") in the amount specified in the Stipulation of Settlement, which shall include all payments for: (a) all Named Plaintiffs and Class Members who do not opt of the Settlement including, all appropriate federal, state, and local withholding (except for employer's portion of social security and other applicable withholdings); (b)

6

Class Representative Enhancements, if any; and (c) all attorneys' fees and costs to Plaintiffs' counsel. In addition to the Settlement Amount, Defendants shall bear all costs of administering the settlement including the costs associated with serving notices upon Class Members and the costs of maintaining the settlement account.

B.   Class Members who do not opt out of the Settlement shall receive awards estimated in the amounts set forth in the list attached to the Stipulation of Settlement.

C.   Subject to Court approval, Plaintiffs' counsel will be paid attorneys' fees in the total amount specified in the Stipulation of Settlement representing actual attorneys' fees and costs incurred by Plaintiffs' counsel in this matter.

D.   All Class Members who have not excluded themselves from the Settlement by filing timely "opt out" notices with the Court shall be deemed to have relinquished all claims as set forth in section 8.1 of the Stipulation of Settlement and to have released Defendants from any and all liability arising out of those claims.

## IV.   Standard for Preliminary Approval

"Federal courts naturally favor the settlement of class action litigation." Isby v. Bayh, 75 F.3d 1191, 1196 (7th Cir. 1996). Yet, a district court may only approve a settlement if it is "fair, reasonable, and adequate." Synfuel Techs., Inc. v. DHL Express (USA), Inc., 463 F.3d 646, 652 (7th Cir. 2006). In deciding whether to preliminarily approve a settlement, courts must consider: (1) the strength of plaintiffs' case compared to the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the amount of opposition to

settlement among effected parties; (4) the opinion of competent counsel; and (5) the stage of the

proceedings and the amount of discovery completed.  Synfuel Techs., 463 F.3d at 653, quoting

Isby, 75 F.3d at 1199.

V.      **The Settlement Agreement is Fair, Adequate, and Reasonable and Meets the Standard for Preliminary Approval**

   A.      **Strength of Plaintiffs' Case Compared to Terms of Proposed Settlement**

   The Settlement Amount is fair and reasonable considering the relative strength of

Plaintiffs' claims.  Plaintiffs allege that Defendants violated the FLSA and IMWL on a class-

wide basis by failing to pay overtime wages to their kitchen workers.  To that end, Plaintiffs seek

to recover the following damages: (i) unpaid overtime compensation over the last three (3) years;

(ii) FLSA liquidated (double) damages; (iii) the IMWL 2% underpayment penalty; and (iv)

attorneys' fees and costs incurred in this action.  Defendants deny that their actions violated the

FLSA and IMWL, but also concede that Plaintiffs are covered by the FLSA and IMWL and that

some employees may not have been paid overtime.  Lastly, Defendants maintain that, even if

their actions violated the FLSA and IMWL , Plaintiffs are barred from making a "double

recovery" under both statutes for FLSA liquidated damages and the IMWL 2% underpayment

penalty.

   The parties have reached a suitable compromise which recognizes that, while Plaintiffs

possess strong overtime wage claims, no recovery is ever assured.   Plaintiffs have agreed to

defer to Defendants' payroll records for purposes of computing the compensable overtime hours

worked by the Named Plaintiff and Class Members.  Defendants, meanwhile, have agreed to pay

a Settlement Amount, which includes the estimated unpaid overtime compensation and FLSA

liquidated damages due each Named Plaintiff and Class Member as well as attorneys' fees and

costs. This Settlement represents a sensible and sound resolution of Plaintiffs' class-wide overtime wage claims against Defendants.

### B.     Complexity, Length, and Expense of Continued Litigation

This Settlement should be approved, because the continued prosecution of this action would further subject the parties to lengthy and costly litigation. Since the filing of Plaintiffs' Complaint in November, 2010, the parties have worked at considerable expense to bring this case to a fair and just resolution. The parties would incur even greater costs if this litigation were to continue. The Settlement provides Named Plaintiffs, Class Members, and Defendants with an opportunity to resolve this action in a fair and cost-efficient manner.

Furthermore, any trial of this matter would prove time-consuming and onerous for the parties. The trial would involve testimony from a multitude of witnesses -- including Named Plaintiffs, Class Members, and party Defendants -- as well as a voluminous set of trial exhibits. Even if liability were established, the process of establishing individual damages could prove lengthy. Because "continued litigation would require resolution of complex issues at considerable expense and would absorb many days of trial time," approval of the Settlement is appropriate. In re Mexico Money Transfer Litig., 164 F.Supp.2d 1002, 1019 (N.D. Ill. 2000).

In addition, the Settlement offers Plaintiffs, in particular, the opportunity to obtain relief now and not wait months or years for a judgment that is not assured. The time value of money is another cost of continued litigation. Donovan v. Estate of Frank E. Fitzsimmons, 778 F.2d 298, 309 (7th Cir. 1985); Anderson v. Torrington Co., 755 F.Supp. 834, 844 (N.D. Ind. 1991). As courts recognize, a dollar obtained in settlement today is worth more than a dollar obtained after a trial and appeals years later. Id. Balancing the risks and delays of continuing the litigation

9

against the immediate and substantial benefits to the class weighs heavily in favor of the proposed Settlement.

### C.    Amount of Opposition to Settlement Among Effected Parties

This Settlement is unanimously supported by both Named Plaintiffs and Defendants and should be approved by this Court. Significantly, neither Plaintiffs' counsel nor Defendants' counsel are aware of any opposition whatsoever to the Settlement among Named Plaintiffs, Defendants, or the Class. The absence of objection to a proposed class settlement is evidence that the settlement is fair, reasonable and adequate. Retsky Family Ltd. Partnership v. Price Waterhouse LLP, No. 97 C 7694, 2001 WL 1568856, at *3 (N.D. Ill. Dec. 11, 2001).

### D.    The Opinion of Competent Counsel

This Settlement is unreservedly recommended by both Plaintiffs' counsel and Defendants' counsel. Plaintiffs' counsel and Defendants' counsel have extensive experience representing litigants in complex class actions, including ones involving wage and hours claims like those asserted in this case. Plaintiffs' counsel has represented both plaintiffs and defendants in class actions in the United States District Court for the Northern District of Illinois, including wage and hour class actions certified under Rule 23 of the Federal Rules of Civil Procedure. Accordingly, Plaintiffs' counsel's support of the Settlement as a fair and just resolution of this litigation weighs in favor of approval of the Settlement. See Follansbee, Inc., 2000 WL 804690, at *6 (approving settlement where "[c]lass counsel, who has considerable experience litigating class action suits, supports the settlement and finds it to be a fair and reasonable deal"). Additionally, Defendants' counsel has previously defended wage and hour class actions within the 7th Circuit and the United States District Court for the Northern District of Illinois.

10

Defendants' counsel unequivocally supports the Settlement and views it as a fair resolution of this matter.

### E. The Stage of the Proceeding and the Amount of Discovery Completed

The stage of the proceedings warrants approval of the Settlement. Both Plaintiffs' and Defendants' counsel have thoroughly investigated and researched the substantive merits of Plaintiffs' claims as well as any and all defenses available to Defendants. In addition, the parties have conducted extensive written discovery which yielded the production of over 1,700 payroll records. Consequently, both Plaintiffs' counsel and Defendants' counsel have been able to approximate the amount of overtime wages which are allegedly due each named Plaintiff and Class Member. Thus, "the litigation had progressed to a stage where the court and counsel could evaluate the merits of the case and the probable course of future litigation." Retsky Family Ltd. Partnership, 2001 WL 1568856, at *3.

### VI. Conclusion

The Settlement represents a fair and reasonable resolution of the Litigation and should be approved by this Court. The parties have examined the payroll records of Named Plaintiffs and Class Members and ascertained, with reasonable certitude, the amount of time worked by each claimant. As a result, this Court can be assured that the Settlement adequately compensates the Named Plaintiffs and Class Members by providing them with their estimated unpaid overtime wages as well as their estimated liquidated damages. Most importantly, the Settlement provides substantial relief to the wage claimants without subjecting them or their counterparts to additional costly litigation. Named Plaintiffs, Defendants, and their respective counsel join in asking this Court to approve the Settlement on a preliminary basis.

11

**WHEREFORE**, the parties jointly request that this Court enter an order for the following relief:

i.      Grant the parties' Agreed Motion for Preliminary Approval of the Stipulation of Settlement;

ii.      Issue an order of class certification and authorize notice to be sent to the Class;

iii.      Approve the Notice of Pendency of Class Action, Proposed Settlement and Fairness Hearing, and Claim Form;

iv.      Set a date for the Fairness Hearing; and

v.      Grant all further relief deemed just and proper.

**For Plaintiffs:**

/s/ Timothy M. Nolan

Timothy M. Nolan
Nolan Law Office
Counsel for Plaintiffs
53 W. Jackson Blvd.
Suite 1137
Chicago, IL 60604

**For Defendants:**

/s/ Margo Wolf O'Donnell

Margo Wolf O'Donnell
Vedder Price, P.C.
Counsel for Defendants
222 N. LaSalle St.
Suite 2600
Chicago, IL 60601