FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JESUS REYNOSO, LUIS GRAJEDA, FERNANDO MONTER, JUAN RAMIREZ, APOLINAR BIELMA-RODRIGUEZ, ENRIQUE RAMIREZ, and VICTOR RAMIREZ, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, | ) ) ) ) ) ) ) ) | Case No. 10 C 7445 |
| Plaintiffs, | ) ) | Honorable John W. Darrah, Judge Presiding |
| v. | ) ) ) ) | |
| DUBLIN 4, INC., d/b/a D 4 IRISH PUB, an Illinois corporation, and DEBORAH ZALESIAK, an individual, | ) ) ) ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) ) ) | |

## AGREED MOTION FOR FINAL APPROVAL
## OF THE STIPULATION OF SETTLEMENT

NOW COME the Plaintiffs, Jesus Reynoso, Luis Grajeda, Fernando Monter, Juan Ramirez, Apolinar Bielma-Rodriguez, Enrique Ramirez, and Victor Ramirez (collectively, "Named Plaintiffs"), on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, and Defendants, Dublin 4, Inc., d/b/a D 4 Irish Pub ("D4"), and Deborah Zalesiak ("Zalesiak"), by their respective counsel, jointly move this Court for an Order granting final approval to the Stipulation of Settlement (the "Stipulation" or the "Settlement") in this action and dismissing such action as provided herein. (A true and correct copy of the Proposed Order is attached hereto as Exhibit A). In support of this Agreed Motion, the parties state as follows:

I.  **Procedural Background**

On November 18, 2010, Jesus Reynoso and Luis Grajeda, on behalf of themselves and all others similarly situated, filed a Complaint captioned *Jesus Reynoso and Luis Grajeda v. Dublin*

*4, Inc. and Deborah Zalesiak*, Case No. 10 C 7445, in this Court. Count I of the Litigation asserted class-wide violations of the Fair Labor Standards Act, based on Defendants' alleged failure to pay overtime to Plaintiffs. Count II of the Litigation asserted class wide-violations of the Illinois Minimum Wage Law based on the same conduct. Plaintiffs later filed an Amended Complaint and a Second Amended Complaint when additional named Plaintiffs, including Fernando Monter, Juan Ramirez, Apolinar Bielma-Rodriguez, Enrique Ramirez, and Victor Ramirez, joined the action.

On April 12, 2011, the parties convened for a settlement conference before Magistrate Judge Geraldine Soat Brown and worked towards a resolution. On May 4, 2011, Plaintiffs' counsel and Defendants' counsel reached an agreement before Magistrate Judge Geraldine Soat Brown. This Agreement is the culmination of arms-length negotiations between Named Plaintiffs, on behalf of themselves and all Class Members, and Defendants. The terms of the parties' agreement are set forth in the Stipulation of Settlement, a copy of which is attached. (A true and correct copy of the signed Stipulation of Settlement will be personally delivered to the Court). As part of the Agreement, Plaintiffs and Defendants stipulated to the certification of a class action pursuant to Federal Rule of Civil Procedure 23(b)(3).

## II. Claims Procedure

On June 15, 2011, Defendants' Counsel first mailed the Notice of Class Action (the "Class Notice") to each of the 27 Class Members via first-class U.S. Mail pursuant to Section 9.1(a)(1) of the Stipulation. (A true and correct copy of Defendants' Certification Regarding Class Action Notice is attached hereto as Exhibit B). The United States Postal Service subsequently returned 6 Class Notices as undeliverable without forwarding addresses. (Exh. B, ¶ 3). Thereafter, Plaintiffs' Counsel retained an investigator and Defendants' Counsel utilized

2

PeopleSearch, an address search engine which uses the "skip-tracer" function, as well as Google in an attempt to find new addresses for all 6 Class Members for which a Class Notice was returned as undeliverable. (Exh. B, ¶ 4-5). As a result of their combined efforts, 3 new addresses were discovered. (Exh. B, ¶ 4-5).

Defendants' Counsel then conducted its second mailing of Class Notices on July 31, 2011 in accordance with Section 9.1(a)(2) of the Stipulation. (Exh. B, ¶ 6). In addition, and pursuant to Section 9.1(b) of the Stipulation, Defendants were required to place a Class Notice in the pay envelope of every current employee identified as a Class Member for the first two pay days immediately following June 15, 2011. On September 28, 2011, Defendants will place the Class Notice in the pay envelopes of the 5 Class Members currently employed by Defendants. (Exh. B, ¶ 8). Further, Defendants will also deliver a Class Notice to a sixth Class Member who was employed by the Defendants when the Settlement was reached but whose employment with Defendants has since ended. (Exh. B, ¶ 8). All 6 Class Members who will receive late In-Hand Class Notice were sent Class Notices via first-class U.S. Mail and are presumed to have received them because none of those mailings were returned as undeliverable. (Exh. B, ¶ 8).

### III. Material Settlement Terms

The terms of the parties' agreement are set forth in the Stipulation of Settlement. (See Exh. A). The material terms of the Agreement are hereby summarized as follows for the convenience of the Court.

> A. Defendants will pay a total settlement amount ("Settlement Amount") in the amount specified in the Stipulation of Settlement, which shall include all payments for: (a) all Named Plaintiffs and Class Members who do not opt of the Settlement including, all appropriate federal, state, and local withholding (except

3

for employer's portion of social security and other applicable withholdings); (b) Class Representative Enhancements, if any; and (c) all attorneys' fees and costs to Plaintiffs' counsel. In addition to the Settlement Amount, Defendants shall bear all costs of administering the settlement including the costs associated with serving notices upon Class Members and the costs of maintaining the settlement account.

B.  Class Members who do not opt out of the Settlement shall receive awards estimated in the amounts set forth in the list attached to the Stipulation of Settlement.

C.  Subject to Court approval, Plaintiffs' counsel will be paid attorneys' fees in the total amount specified in the Stipulation of Settlement representing actual attorneys' fees and costs incurred by Plaintiffs' counsel in this matter.

D.  All Class Members who have not excluded themselves from the Settlement by filing timely "opt out" notices with the Court shall be deemed to have relinquished all claims as set forth in section 8.1 of the Stipulation of Settlement and to have released Defendants from any and all liability arising out of those claims.

## IV. Standard for Final Approval

"Federal courts naturally favor the settlement of class action litigation." Isby v. Bayh, 75 F. 3d 1191, 1196 (7th Cir. 1996). A court may approve a settlement that would bind class members only if it determines after a hearing that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(3). To evaluate the fairness of a settlement, a court should consider (i) the strength of plaintiffs' case compared to the amount of defendants' settlement

4

offer, (ii) an assessment of the likely complexity, length and expense of the litigation, (iii) an evaluation of the amount of opposition to settlement among affected parties, (iv) the opinion of competent counsel, and (v) the stage of the proceedings and the amount of discovery completed at the time of settlement." Synfuel Techs., Inc. v. DHL Express (USA), Inc., 463 F. 3d 646, 653 (7th Cir.2006), quoting Isby, 75 F. 3d at 1199.

### A. Strength of Plaintiffs' Case Compared to Terms of Proposed Settlement

The most important factor in determining whether a proposed settlement satisfies Rule 23 is the "strength of plaintiff's case on the merits balanced against the amount offered in the settlement." Synfuel, 463 F. 3d at 653. This Settlement is fair and reasonable because it yields significant benefits to the Named Plaintiffs and Class Members, particularly in light of the defenses articulated by Defendants in regard to recoverable damages. Named Plaintiffs and Class Members receive a Settlement which purports to account for their estimated unpaid overtime compensation, liquidated double damages under the FLSA, and their attorneys' fees and costs. This Settlement properly reflects the fact that Defendants concede that the Named Plaintiffs are not exempt from the FLSA or IMWL and may not have been paid for all overtime hours worked. Plaintiffs' principal recovery of all unpaid overtime compensation plus double damages would be a substantial award in virtually any wage and hour action.

But, the Settlement is especially fair and reasonable in this case, because it accounts for the defenses raised by Defendants. Defendants deny all liability under the FLSA and IMWL and, perhaps most importantly, dispute whether Plaintiffs are entitled to recover "double damages" under both the FLSA and IMWL if they prevail. By countenancing Defendants' arguments, the Settlement appropriately stops short of providing Plaintiffs with a full recovery and also relies upon Defendants' records to calculate the amount of unpaid overtime

5

compensation due the Named Plaintiffs and Class Members. Consequently, this Settlement is a fair and reasonable resolution for all parties.

## B.     Complexity, Length, and Expense of Continued Litigation

The Seventh Circuit has held that the likely complexity, length, and expense of continued litigation are relevant factors in determining whether a class-action settlement is fair, reasonable, and adequate. Synfuel, 463 F. 3d at 653. These factors strongly support approval of the Settlement. Named Plaintiffs and Class Members, alike, will immediately realize substantial benefits if this Court approves the Settlement. If this Court does not approve the Settlement, counsel for Plaintiffs and Defendants agree that long and protracted litigation is the likely result. The parties have not even begun oral discovery and motions for summary judgment are almost sure to be filed. If the case were to proceed past the summary judgment stage, trying this matter would be a lengthy and expensive process for both parties. There would be a litany of trial exhibits and a large number of witnesses consisting of Named Plaintiffs, Class Members, and Defendants.

This Settlement will provide both parties with closure while also allowing the Named Plaintiffs and Class Members to make a fair recovery. Moreover, Plaintiff's recover here would be assured and it comes at a fraction of the cost and effort that would be expended during discovery, summary judgment, and trial. It bears repeating that the time value of money is another cost of continued litigation. Donovan v. Estate of Frank E. Fitzsimmons, 778 F. 2d 298, 309 (7th Cir. 1985); Anderson v. Torrington Co., 755 F. Supp. 834, 844 (N.D. Ind. 1991). A dollar obtained in settlement today is worth more than a dollar obtained after a trial and appeals years later. Id. Considering the award that will immediately inure to Plaintiffs and the

substantial benefit realized by both parties in avoiding further litigation, this Court should give final approval to the proposed Settlement.

### C. Amount of Opposition to Settlement Among Effected Parties

Pursuant to section 9.2 of the Settlement, all objections to the Settlement were to be filed with the Court by September 1, 2011 and served upon counsel. As of this date, no Class Members have filed any objection to the proposed Settlement with this Court. Class Counsel and Defendants' Counsel are also unaware of any other opposition to this Settlement among any of the effected parties, including Named Plaintiffs, Class Members, and Defendants. The absence of objection to a proposed class settlement is evidence that the settlement is fair, reasonable and adequate. Retsky Family Ltd. Partnership v. Price Waterhouse LLP, No. 97 C 7694, 2001 WL 1568856, at *3 (N.D. Ill. Dec. 11, 2001).

### D. The Opinion of Competent Counsel

The opinion of competent counsel is relevant to the question whether a settlement is fair, reasonable, and adequate under Rule 23. Synfuel, 463 F. 3d at 653. In this case, Class Counsel and Defendants' Counsel wholeheartedly agree that the Settlement is a reasonable compromise which fairly resolves the matter. Significantly, as stated in the parties' Agreed Motion for Preliminary Approval of the Stipulation of Settlement, both Class Counsel and Defendants' Counsel have extensive experience litigating employment class actions under Rule 23, including wage and hour lawsuits. Counsel for both parties concur that this Settlement is fair and reasonable, because the Named Plaintiffs and Class Members are assured of receiving an adequate award and the parties will be saved the costs, expense, and of further litigation. See Retsky, 2001 WL 1568856, at *3 ("[T]heir opinion that the settlement is fair, reasonable and adequate also favors approval of the settlement").

### E. The Stage of the Proceeding and the Amount of Discovery Completed

The last factor that the Seventh Circuit deems relevant to the question whether a class-action settlement is fair, reasonable, and adequate concerns the stage of the proceedings and the amount of discovery completed. Synfuel, 463 F. 3d at 653. This factor is relevant because it determines "how fully the district court and counsel are able to evaluate the merits of plaintiffs' claims." Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee, 616 F. 2d 305, 325 (7th Cir.1980), overruled on other grounds by Felzen v. Andreas, 134 F. 3d 873 (7th Cir.1998). Before this case was settled, Class Counsel and Defendants' Counsel examined most of the payroll records for the Named Plaintiffs as well as the Class. This allowed the parties' counsel to accurately gauge the amount of unpaid overtime compensation due each claimant. Class Counsel and Defendants' counsel also evaluated the merits of Plaintiffs' action as well as the availability of any defenses to such action. This action is ripe for settlement on a class-wide basis.

### V. Conclusion

For the foregoing reasons, the parties jointly request that the Court grant final approval of the Stipulation of Settlement, enter the proposed Order granting final approval, and dismiss this matter, retaining jurisdiction only for the purpose of interpreting, implementing, and enforcing the terms and provisions of the Stipulation.

| For Plaintiffs: | For Defendants: |
|---|---|
| /s/ Timothy M. Nolan | /s/ Margo Wolf O'Donnell |
| Timothy M. Nolan<br>Nolan Law Office<br>Counsel for Plaintiffs<br>53 W. Jackson Blvd.<br>Suite 1137<br>Chicago, IL 60604 | Margo Wolf O'Donnell<br>Vedder Price, P.C.<br>Counsel for Defendants<br>222 N. LaSalle St.<br>Suite 2600<br>Chicago, IL 60601 |